UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Ryan Kenneth Randall,

        Plaintiff

v.

Ole Red,

        Defendant

Case No.: 2:24-cv-00075-JAD-MDC

**Order Adopting Report & Recommendation in Part and Dismissing Action**

[ECF No. 4]

      Pro se plaintiff Ryan Kenneth Randall brings this lawsuit against Ole Red, claiming that its "intentional placement of hostile architecture" in front of the Horseshoe Casino in Downtown Las Vegas is a public nuisance that has caused him emotional distress.[1] Randall applies to proceed *in forma pauperis*, but his application was incomplete, so the magistrate judge ordered him to file a complete application or pay the full filing fee by March 21, 2024. He warned that the "failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice."[2] Randall neither paid the filing fee nor filed a new application by the deadline, so the magistrate judge recommends that this case be closed.[3] The deadline for Randall to object to that recommendation was April 9, 2024, and Randall neither filed an objection nor moved to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4] Having reviewed the R&R, I find good cause to dismiss this case.

---

[1] ECF No. 1-1.
[2] ECF No. 3.
[3] ECF No. 4.
[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[8] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[9] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must

---

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

explore possible and meaningful alternatives."[10]  Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline.  But issuing a second order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 4] is ADOPTED** in part.  **This case is DISMISSED**.  The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 17, 2024

---

[10] *Henderson*, 779 F.2d at 1424.